IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

GARY & JACKIE BERKSON,

    Plaintiffs,

v.

FEDERAL INSURANCE COMPANY

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Federal Insurance Company (hereinafter "FEDERAL"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for Seminole County, Florida, styled *Gary & Jackie Berkson v. Federal Insurance Company*, 23-000109507, where Plaintiffs filed suit against FEDERAL, and further states:

## TIMELY NOTICE OF REMOVAL

    1.    On March 8, 2023, Plaintiffs filed a Complaint against FEDERAL in the Eighteenth Judicial Circuit of Florida, in and for Seminole County, Florida, Case No. 23-000109507 ("State Action").

2. On March 21, 2023, FEDERAL was served with a Summons and copy of the Complaint in connection with the State Action. *See* **Composite Exhibit A.**

3. Plaintiffs' Complaint asserts that FEDERAL breached an insurance contract issued to the Plaintiffs with respect to its claim for damages to the property. *See* **Composite Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(b)(3), FEDERAL timely files this Notice within thirty (30) days of FEDERAL's receipt through service of a copy of the initial pleading setting forth a claim for relief.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Florida because the State Action originated in Seminole County, Florida.

## JURISDICTION

6. This Court has jurisdiction. The State Action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, FEDERAL is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

7. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center.'").

8. FEDERAL is, and was at the time the Complaint was filed in a Florida state court, a corporation organized under the laws of Indiana, with its principal place of business in New Jersey. Accordingly, FEDERAL is a citizen of Indiana and New Jersey for purposes of determining Diversity under 28 U.S.C. § 1332(a)(1).

9. Plaintiff, Gary Berkson, is and was, at the time the Complaint was filed in Florida state court, a citizen of the State of Florida. A public records search revealed that Gary Berkson has had a Florida issued driver's license since at least 2008, has been registered to vote in the State of Florida since at least 1983, and has had a homesteaded property in the State of Florida since at least 2016.

10. Plaintiff, Jackie Berkson, is and was, at the time the Complaint was filed in Florida state court, a citizen of the State of Florida. A public records search revealed that Jackie Berkson has had a Florida issued driver's license since

at least 2008, has been registered to vote in the State of Florida since at least 1992, and has had a homesteaded property in the State of Florida since at least 2020.

11. Accordingly, Plaintiffs are considered citizens of the State of Florida for the purposes of determining diversity under 28 U.S.C. §1332(a)(1). *See* **Composite Exhibit "B."**

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12. FEDERAL bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 11th Cir. (2007). Here, as previously stated, Plaintiffs' Complaint asserts FEDERAL breached an insurance contract issued to Plaintiffs.

13. Prior to the filing of the above styled action, on February 17, 2023, Plaintiffs submitted a Notice of Intent to Initiate Litigation ("Notice") with a pre-suit settlement demand of $240,443.00 declaring the disputed amount of the loss is $238,663.00. The Notice included an estimate dated January 16, 2023, from Five Star Claims Adjusting in the amount of $334,725.62. *See* **Composite Exhibit C.**

14. The applicable deductible under the Subject Policy of insurance is $17,560.00.

15. FEDERAL has issued payments totaling $106,201.79 in relation to the subject claim including:

  a. Air Quality Assessors for Water Assessment and Mold Inspection: $3,000.00

  b. Gary and Jackie Berkson, Five Star Claims Adjusting, & Wells Fargo for interior water damage minus the deductible: $75,440.00

  c. Innova Restoration for tarping of the roof of the subject property: $5,726.84

  d. Innova Restoration for water mitigation and mold remediation: $22,034.95

16. Accordingly, the amount in controversy between Plaintiffs and FEDERAL for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## CONCLUSION

17. Therefore, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as Plaintiffs and FEDERAL are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLIANCE WITH 28 U.S.C. § 1446

18. Pursuant to 28 U.S.C. § 1446(d), FEDERAL provided written notice of the filing of the Notice of Removal, along with copies of this Notice of

Removal and all attachments, to all adverse parties and to the Eighteenth Judicial Circuit of Florida, in and for Seminole County, Clerk of Court. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed in the State Action are being filed with this Notice of Removal. *See* **Composite Exhibit A[1].**

WHEREFORE, the Defendant, Federal Insurance Company, respectfully requests that this Court exercise jurisdiction over this matter.

>
> BUTLER WEIHMULLER KATZ CRAIG LLP
>
> /s/ J. Matusewicz
>
> WILLIAM R. LEWIS, ESQ.
> Florida Bar No.: 0879827
> wlewis@butler.legal
> JULIUS MATUSEWICZ, ESQ.
> Florida Bar No.: 1008338
> jmatusewicz@butler.legal
> Secondary:   ebeynon@butler.legal
>                    tgarcia@butler.legal
> 400 North Ashley Drive, Suite 2300
> Tampa, Florida 33602
> Telephone: (813) 281-1900
> Facsimile: (813) 281-0900
> *Counsel for Defendant, Federal Insurance Company*

---

[1] Includes Civil Cover Sheet, Complaint, Summons Issued, Notice of Service of Interrogatories to Defendant, Request for Admissions to Defendant, Request for Production to Defendant, Notice of Appearance Email Designation of Email Addresses by Julius Matusewicz Esq., Motion for Enlargement/Extension of Time to Respond to Complaint by Defendant, Order Extending Time.

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

    Kyle Hyman, Esq.
    Kailey Evans, Esq.
    Cohen Law Group
    350 North Lake Destiny Rd.
    Maitland, FL 32751
    Counsel for Plaintiffs

by CM/ECF on April 20, 2023.

_____
JULIUS MATUSEWICZ, ESQ.